1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SAM LOUIS LATINO,                  No. 2:11-cv-02037-MCE-DAD

12          Plaintiff,

13      v.                              <u>MEMORANDUM AND ORDER</u>

14   WELLS FARGO BANK, N.A., also
     known as WACHOVIA MORTGAGE, a
15   division of WELLS FARGO BANK,
     N.A., formerly known as
16   WACHOVIA MORTGAGE, FSB,
     formerly known as WORLD
17   SAVINGS BANK, FSB; et al.,

18          Defendants.

19                         ----oo0oo----

20      Plaintiff Sam Latino ("Plaintiff") originally brought this

21   action in the Superior Court of the State of California, County

22   of Sacramento, against Defendants Wells Fargo Bank, N.A. ("Wells

23   Fargo"),[1] Cal-Western Reconveyance Corporation ("Cal-Western"),

24   Golden West Savings Association Service Company ("Golden West")

25   and Does 1-20 (collectively "Defendants").

26   _____

27        [1] Wells Fargo is officially named as "Wells Fargo Bank,
     N.A., also known as Wachovia Mortgage, a division of Wells Fargo
28   Bank, N.A., and formerly known as Wachovia Mortgage, FSB,
     formerly known as World Savings Bank, FSB."

                                  1

1  Defendants Wells Fargo and Golden West ("Removing Defendants")

2  timely removed the case to this Court.  Presently before the

3  Court are Plaintiff's Motion to Remand, Motion for Stay of all

4  State Court Proceedings and Motion for Fees and Costs

5  ("Plaintiff's Motion") and Removing Defendants' Motion to Dismiss

6  and Motion to Strike ("Removing Defendants' Motions").  For the

7  following reasons, Plaintiff's Motion is granted in part and

8  denied in part, and Removing Defendants' Motions are denied.[2]

9

10                          **BACKGROUND**[3]

11

12      On March 22, 2007, Plaintiff entered into a loan transaction

13  with World Savings Bank ("World Savings"), now Wells Fargo, to

14  purchase a residence in Sacramento, California (the "Property").

15  Plaintiff executed a promissory note (the "Note")in connection

16  with the transaction, and World Savings took a security interest

17  in the Property via a Deed of the Trust ("DOT").  Golden West was

18  the original trustee on the DOT and Plaintiff was the trustor.

19  ///

20  ///

21

22      [2] Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
23  Cal. Local Rule 230(g).

24      [3] Unless otherwise stated, the following facts are derived
    from Plaintiff's Verified Complaint.  The Court is aware that
25  Plaintiff also provided Removing Defendants with a copy of an
    unverified, unsigned First Amended Complaint ("FAC").  The Court
26  has not been presented with any evidence that the FAC was ever
    filed and thus will proceed on the basis that the original
27  Complaint remains operative.  In any event, Removing Defendants
    admit that any distinction between the pleadings is immaterial.
28  Notice of Removal, 2:16-20.

                              2

1        Plaintiff apparently defaulted on his loan, and, on July 16,

2   2010, Cal-Western, the substituted trustee, recorded a Notice of

3   Default ("NOD").  On approximately October 19, 2010, Cal-Western

4   recorded a Notice of Trustee's Sale ("NOTS").  Cal-Western

5   eventually held a Trustee's Sale on March 21, 2011, at which time

6   Wells Fargo purchased the property.

7        On approximately April 11, 2011, Wells Fargo initiated an

8   unlawful detainer action against Plaintiff in the Sacramento

9   County Superior Court.[4]  Subsequently, on July 26, 2011,

10  Plaintiff filed the instant action in Sacramento County Superior

11  Court against Defendants alleging causes of action for: 1) fraud;

12  2) intentional misrepresentation; 3) negligent misrepresentation;

13  4) concealment; 5) violation of California Business and

14  Professions Code § 17200; 6) unjust enrichment; 7) quiet title;

15  8) declaratory relief; 9) violation of California Civil Code

16  § 2932.5; 10) breach of fiduciary duty; and 11) breach of the

17  implied covenant of good faith and fair dealing.  Pursuant to his

18  Complaint, Plaintiff primarily contends that he is a victim of

19  Defendants' predatory lending practices and that Defendants lack

20  standing to foreclose on the Property.  According to Plaintiff,

21  Defendants are not the holders of the underlying Note and thus

22  have no right to initiate foreclosure proceedings of any kind.

23  ///

24  ///

25  ///

26  

27      [4] On August 15, 2011, Plaintiff removed the unlawful
detainer action to this Court and filed a Notice of Related Case

28  seeking to relate that action to this one.  That case has since
been remanded back to the state court.

1  In addition, at various points throughout the Complaint,
2  Plaintiff alleges that, in conducting the nonjudicial foreclosure
3  sale of the subject property, Defendants failed to comply with
4  state statutory requirements.  See, e.g., Complaint, ¶ 159
5  (alleging, among other things, Defendants violated California
6  Civil Code § 2923.5).  Plaintiff contends, for example, that a
7  number of relevant documents, including the NOD and NOTS, were
8  defective or signed by unauthorized parties.  Plaintiff seeks,
9  among other things: 1) to quiet title to the Property in
10  Plaintiff; and 2) to recover compensatory and punitive damages
11  and fees and costs.

12      On August 1, 2011, Wells Fargo and Golden West removed
13  Plaintiff's state action to this Court pursuant to 28 U.S.C.
14  § 1332.  Plaintiff subsequently moved to remand, arguing that
15  Plaintiff and each Defendant are citizens of California and that
16  no diversity thus exists.  Plaintiff further seeks to stay the
17  state court unlawful detainer proceedings and to recover
18  attorney's fees and costs incurred in bringing this Motion.
19  Since Plaintiff filed his Motion, Removing Defendants have filed
20  their own Motion to Dismiss and Motion to Strike.  For the
21  following reasons, Plaintiff's Motion is granted in part and
22  denied in part, and Removing Defendants' Motions are denied.

23

24                              **STANDARD**

25

26      A defendant may remove any civil action from state court to
27  federal district court if the district court has "original
28  jurisdiction" over the matter.  28 U.S.C. § 1441(a).

4

Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties and the amount in controversy exceeds $75,000; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

Courts construe the removal statute strictly against removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, if there is any doubt as to the right of removal in the first instance, remand must be granted. See <u>id.</u> Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court as well. 28 U.S.C. § 1447(c).

**ANALYSIS**

**A.    Plaintiff's Motion to Remand.**

Removing Defendants removed the Plaintiff's case to this Court solely pursuant to the Court's diversity jurisdiction. There is no dispute as to the amount in controversy.  To the contrary, the parties dispute only whether complete diversity exists among the parties.  Plaintiff, a California citizen, contends Wells Fargo, Cal-Western, Golden West, World Savings and at least some of the Doe Defendants are California citizens as well.

///

///

1  Removing Defendants admit that Cal-Western and Golden West are
2  California citizens, but argue those entities should be
3  disregarded for purposes of diversity because they are either
4  nominal parties or have been fraudulently joined.  Removing
5  Defendants further contend that Wells Fargo is not a California
6  citizen and that World Savings no longer exists and thus does not
7  affect the diversity analysis.  Because the Court finds below
8  that the Removing Defendants have failed to meet their burden of
9  showing that Cal-Western is either a nominal party or
10  fraudulently joined, the Court declines to address the parties'
11  remaining arguments.

12
13          1.    **Nominal parties.**
14
15     "[F]ederal court[s] must disregard nominal or formal parties
16  and rest jurisdiction only upon the citizenship of real parties
17  to the controversy."  Kuntz v. Lamar Corp., 385 F.3d 1177, 1183
18  (9th Cir. 2004) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458,
19  461, 100 S. Ct. 1779 (1980)).  Indeed, "[c]ircuit law teaches
20  that courts should 'ignore the citizenship of nominal or formal
21  parties who have no interest in the action, and are merely joined
22  to perform the ministerial act of conveying the title if adjudged
23  to the complainant.'"  Silva v. v. Wells Fargo Bank, NA, 2011 WL
24  2437514, *3 (C.D. Cal.) (quoting Prudential Real Estate
25  Affiliates, Inc. v. PPR Realty, Inc., 304 F.3d 867, 873 (9th Cir.
26  2000)).  Removing Defendants bear the burden of proving a
27  defendant is a nominal party.  Id. (internal quotations and
28  citations omitted).

                                6

1   Removing Defendants contend here that Cal-Western is a
2   nominal defendant because it was simply the trustee on the DOT
3   and thus its role in the underlying proceedings was limited to
4   that of a stakeholder.  However, "Cal-Western's status as trustee
5   is not itself sufficient to render Cal-Western a nominal party."[5]
6   Couture v. Wells Fargo Bank., N.A., 2011 WL 3489955, *3 (S.D.
7   Cal.).  Moreover, while trustees on a DOT are often nominal
8   parties, Plaintiff's Complaint contains substantive allegations
9   against Cal-Western and seeks to recover money damages or
10  restitution from all Defendants, including Cal-Western, as well.
11  See Silva, 2011 WL 2437514, *5 ("The Court acknowledges that the
12  trustee on a deed of trust is often a nominal party.");
13  Complaint, ¶¶ 78-85.  Accordingly, while Removing Defendants may
14  believe Plaintiff cannot state a claim against Cal-Western, they
15  have failed to show that Cal-Western has been joined in a merely
16  nominal capacity.  See Couture, 2011 WL 3489955, *3; Silva, 2011
17  WL 2437514, *5; see also Larocque v. BAC Home Loans Servicing,
18  2011 WL 46363, *2 (M.D. Tenn.); Payne v. Bank of America, N.A.,
19  2010 WL 546770, *7 (W.D. Va.).

20  Removing Defendants also rely on Cal-Western's statutory
21  immunities as a basis for finding the trustee a nominal party
22  here.  Opposition, 6:23-25 ("The role of a trustee under a deed
23  of trust, like Cal-Western in this case, is so ministerial that
24  in taking the steps necessary to foreclose the deed of trust its
25  conduct is privileged.")

26

27      [5] Indeed, Removing Defendants point the Court to no
28  authority standing for the proposition that trustees on a DOT are
    per se nominal parties.

(citing Cal. Civ. Code §§ 2924(d) and 47(c)); see also Notice of Removal, 5:23-28.  Again, however, Removing Defendants point to no authority standing for the proposition that these immunities are sufficient to render the trustee a nominal party.  Moreover, this Court has found only one case in which another court has even broached this argument, and that court was skeptical as to the argument's merit on facts such as those here, where the trustee allegedly had no authority to foreclose.  See Silva, 2011 WL 2437514, *5 ("It is unclear whether these provisions would also apply where, as here, the plaintiff alleges that the foreclosing trustee was not actually the trustee authorized to initiate non-judicial foreclosure proceedings.").  Removing Defendants have not addressed the Silva court's concerns regarding the viability of their argument on the instant facts and have thus failed to show that any statutory immunities applicable to a trustee apply in this case to render Cal-Western a nominal party.

Regardless, even if California Civil Code §§ 2924(d) and 47 apply to Cal-Western, such statutory immunity is not absolute; a finding of malice would permit Plaintiff's claims to proceed. See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 341 (2008). Malice requires a showing that a party acted with ill will or with reckless disregard for the truth.  Id. at 336.

Here, Plaintiff alleges, among other things, that Cal-Western caused both the NOD and the DOTS to be recorded, but that both documents were defective and signed by parties who lacked the authority to execute them.  Complaint, ¶¶ 78-84.
///

8

Likewise, while Cal-Western was allegedly responsible for holding the eventual Trustee's Sale and for selling the Property to Wells Fargo, Plaintiff contends Cal-Western lacked the authority to do so.  Id., ¶ 85-86.  In addition, Plaintiff alleges that each Defendant was acting in concert with one another to, among other things, engage in deceptive business practices (e.g., by defrauding homeowners, acting as trustees without the requisite legal authority, and failing to comply with California Civil Code § 2923.5).  Id., ¶¶ 16-18, 159.  Evidence of these actions may, through the course of the proceedings, show malice.  Removing Defendants have nonetheless presumed the statutory immunities apply to Cal-Western in this case and have not addressed whether Plaintiff can state a claim that falls outside the scope of those immunities (i.e., whether Plaintiff can show Cal-Western acted with malice).  Accordingly, Removing Defendants have failed to meet their burden to show that Cal-Western was entitled to immunity for each of Plaintiff's claims as matter of law.  As a consequence, Removing Defendants have also failed to show that Cal-Western is a nominal party whose citizenship at the time of removal should be disregarded.

## 2.   Fraudulent Joinder.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"

1  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir.

2  2001) (<u>quoting</u> <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339

3  (9th Cir. 1987)).   In this circuit, there is a "general

4  presumption against fraudulent joinder," and defendant's burden

5  of proof is "heavy."   <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039,

6  1046 (9th Cir. 2009).

7      Alleging Plaintiff has failed to state a claim pursuant to

8  the Federal Rules of Civil Procedure is not enough.   <u>See</u> <u>Watson</u>

9  <u>v. Gish</u>, 2011 WL 2160924, *3 (N.D. Cal.).   Rather, "[i]n the

10 Ninth Circuit, a non-diverse defendant is deemed to be

11 fraudulently joined if, after all disputed questions of fact and

12 all ambiguities in the controlling state law are resolved in the

13 plaintiff's favor, the plaintiff could not possibly recover

14 against the party whose joinder is questioned."   <u>Sun v. Bank of</u>

15 <u>American Corp.</u>, 2010 WL 454720, *3 (C.D. Cal.) (<u>citing</u> <u>Kruso v.</u>

16 <u>Int'l Tel. & Tel. Corp.</u>, 872 F.2d 1416, 1426 (9th Cir. 1989)).

17 "A court may look beyond the pleadings to determine if a

18 defendant is fraudulently joined, but a plaintiff need only have

19 one potentially valid claim against a non-diverse defendant to

20 survive a fraudulent joinder challenge."   <u>Id.</u> (internal citations

21 and quotations omitted).   "Accordingly, a defendant seeking

22 removal based on an alleged fraudulent joinder must do more than

23 show that the complaint at the time of removal fails to state a

24 claim against the non-diverse defendant."   <u>Id.</u>   To the contrary,

25 "[r]emand must be granted unless the defendant shows that the

26 plaintiff would not be afforded leave to amend his complaint to

27 cure [the] purported deficiency."   <u>Id.</u> (internal quotations and

28 citations omitted).

1    Removing Defendants therefore bear the burden of showing
2    that it is both "well-settled" and "obvious" that Plaintiff
3    cannot possibly state a claim against Cal-Western.  On balance,
4    Defendants primarily assert that the claims against Cal-Western
5    are defective because Plaintiff relies in large part on the
6    assertion that Wells Fargo did not own the Note and Cal-Western
7    did not have possession of the Note upon foreclosure.
8    Opposition, 8:12-26.  However, Defendants ignore, among other
9    things, Plaintiff's allegations that all Defendants, including
10   Cal-Western, participated in a massive scheme intended to defraud
11   Plaintiff out of his Property and that Defendants, among other
12   things, failed to adhere to the requirements of California Civil
13   Code § 2923.5 in foreclosing on the Property, thus resulting in a
14   violation of California Business and Professions Code § 17200.
15   See, e.g., Suntrust Mortgage, Inc., 2011 WL 1466153, *3 (N.D.
16   Cal.) (fraudulent joinder not shown when Plaintiff alleged
17   violation of § 2923.5); Cheng v. Wells Fargo Bank, N.A., 2010 WL
18   4923045, *1 (C.D. Cal.) (no fraudulent joinder when plaintiff
19   alleged trustee violated § 2923.5).  Accordingly, this Court
20   finds Removing Defendants have failed to meet their burden of
21   showing there is no possibility Plaintiff could establish a cause
22   of action against Cal-Western, and thus, the Court finds no
23   fraudulent joinder.  Because Removing Defendants have not shown
24   joinder of this non-diverse Defendant is improper, and thus have
25   not shown that this Court has jurisdiction over this action
26   pursuant to 28 U.S.C. § 1332, Plaintiff's Motion to Remand is
27   granted.
28   ///

11

**B.   Plaintiff's Motion to Stay State Court Proceedings.**

By way of his instant Motion, Plaintiff seeks to stay the related state court unlawful detainer action pending the Court's resolution of his Motion to Remand.  The Court has previously denied Plaintiff's requests to hear this Motion on shortened time.  <u>See</u> ECF Nos. 11, 17.  Given those prior orders and the Court's above decision that remand is appropriate, Plaintiff's request is denied.

**C.   Plaintiff's Motion for Attorney's Fees and Costs.**

Finally, this Court is empowered to award costs and expenses, including attorney fees, incurred due to improper removal.  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  An objectively reasonable basis for seeking removal exists here.  Moreover, while Plaintiff attempts to argue that Removing Defendants removed this action "solely for purposes of delay," no evidence of any such intent is before the Court.  <u>See</u> Motion, 12:24-25.  No award of fees is thus justified, and Plaintiff's Motion for Attorney's Fees and Costs is denied.

///
///
///
///
///

12

1       **D.   Removing Defendants' Motion to Dismiss and Motion to**
                **Strike.**

2

3       Also still pending before the Court are Removing Defendants'

4 Motion to Dismiss and Motion to Strike Plaintiff's Complaint.  In

5 light of the Court's above decision that remand is proper,

6 Removing Defendants' Motions are denied without prejudice.

7

8                     **CONCLUSION**

9

10       For the reasons just stated, Plaintiff's Motion to Remand is

11 GRANTED, Plaintiff's Motion to Stay all State Court proceedings

12 is DENIED, and Plaintiff's Motion for Attorney's Fees and Costs

13 is DENIED (collectively ECF No. 12).  Removing Defendants' Motion

14 to Dismiss (ECF No. 20) and Motion to Strike (ECF No. 21) are

15 likewise DENIED without prejudice.  The Clerk of the Court is

16 directed to remand this case to the originating state court, the

17 Superior Court of the State of California in and for the County

18 of Sacramento, for final adjudication.

19       IT IS SO ORDERED.

20 Dated: October 14, 2011

21

22

23                     MORRISON C. ENGLAND, JR.
                    UNITED STATES DISTRICT JUDGE

24

25

26

27

28