UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAM LOUIS LATINO,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A., also known as WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., formerly known as WACHOVIA MORTGAGE, FSB, formerly known as WORLD SAVINGS BANK, FSB; et al.,

        Defendants.

No. 2:11-cv-02037-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Sam Latino ("Plaintiff") originally brought this action in the Superior Court of the State of California, County of Sacramento, against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"),[1] Cal-Western Reconveyance Corporation ("Cal-Western"), Golden West Savings Association Service Company ("Golden West") and Does 1-20 (collectively "Defendants").

---

[1] Wells Fargo is officially named as "Wells Fargo Bank, N.A., also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB."

1

Defendants Wells Fargo and Golden West ("Removing Defendants") timely removed the case to this Court. Presently before the Court are Plaintiff's Motion to Remand, Motion for Stay of all State Court Proceedings and Motion for Fees and Costs ("Plaintiff's Motion") and Removing Defendants' Motion to Dismiss and Motion to Strike ("Removing Defendants' Motions"). For the following reasons, Plaintiff's Motion is granted in part and denied in part, and Removing Defendants' Motions are denied.[2]

## BACKGROUND[3]

On March 22, 2007, Plaintiff entered into a loan transaction with World Savings Bank ("World Savings"), now Wells Fargo, to purchase a residence in Sacramento, California (the "Property"). Plaintiff executed a promissory note (the "Note")in connection with the transaction, and World Savings took a security interest in the Property via a Deed of the Trust ("DOT"). Golden West was the original trustee on the DOT and Plaintiff was the trustor.
///
///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

[3] Unless otherwise stated, the following facts are derived from Plaintiff's Verified Complaint. The Court is aware that Plaintiff also provided Removing Defendants with a copy of an unverified, unsigned First Amended Complaint ("FAC"). The Court has not been presented with any evidence that the FAC was ever filed and thus will proceed on the basis that the original Complaint remains operative. In any event, Removing Defendants admit that any distinction between the pleadings is immaterial. Notice of Removal, 2:16-20.

2

1     Plaintiff apparently defaulted on his loan, and, on July 16,
2 2010, Cal-Western, the substituted trustee, recorded a Notice of
3 Default ("NOD").  On approximately October 19, 2010, Cal-Western
4 recorded a Notice of Trustee's Sale ("NOTS").  Cal-Western
5 eventually held a Trustee's Sale on March 21, 2011, at which time
6 Wells Fargo purchased the property.
7     On approximately April 11, 2011, Wells Fargo initiated an
8 unlawful detainer action against Plaintiff in the Sacramento
9 County Superior Court.[4]  Subsequently, on July 26, 2011,
10 Plaintiff filed the instant action in Sacramento County Superior
11 Court against Defendants alleging causes of action for: 1) fraud;
12 2) intentional misrepresentation; 3) negligent misrepresentation;
13 4) concealment; 5) violation of California Business and
14 Professions Code § 17200; 6) unjust enrichment; 7) quiet title;
15 8) declaratory relief; 9) violation of California Civil Code
16 § 2932.5; 10) breach of fiduciary duty; and 11) breach of the
17 implied covenant of good faith and fair dealing.  Pursuant to his
18 Complaint, Plaintiff primarily contends that he is a victim of
19 Defendants' predatory lending practices and that Defendants lack
20 standing to foreclose on the Property.  According to Plaintiff,
21 Defendants are not the holders of the underlying Note and thus
22 have no right to initiate foreclosure proceedings of any kind.
23 ///
24 ///
25 ///
26
27     [4] On August 15, 2011, Plaintiff removed the unlawful detainer action to this Court and filed a Notice of Related Case seeking to relate that action to this one.  That case has since
28 been remanded back to the state court.

3

1 In addition, at various points throughout the Complaint,
2 Plaintiff alleges that, in conducting the nonjudicial foreclosure
3 sale of the subject property, Defendants failed to comply with
4 state statutory requirements.  <u>See</u>, <u>e.g.</u>, Complaint, ¶ 159
5 (alleging, among other things, Defendants violated California
6 Civil Code § 2923.5).  Plaintiff contends, for example, that a
7 number of relevant documents, including the NOD and NOTS, were
8 defective or signed by unauthorized parties.  Plaintiff seeks,
9 among other things: 1) to quiet title to the Property in
10 Plaintiff; and 2) to recover compensatory and punitive damages
11 and fees and costs.

12    On August 1, 2011, Wells Fargo and Golden West removed
13 Plaintiff's state action to this Court pursuant to 28 U.S.C.
14 § 1332.  Plaintiff subsequently moved to remand, arguing that
15 Plaintiff and each Defendant are citizens of California and that
16 no diversity thus exists.  Plaintiff further seeks to stay the
17 state court unlawful detainer proceedings and to recover
18 attorney's fees and costs incurred in bringing this Motion.
19 Since Plaintiff filed his Motion, Removing Defendants have filed
20 their own Motion to Dismiss and Motion to Strike.  For the
21 following reasons, Plaintiff's Motion is granted in part and
22 denied in part, and Removing Defendants' Motions are denied.

**STANDARD**

26    A defendant may remove any civil action from state court to
27 federal district court if the district court has "original
28 jurisdiction" over the matter.  28 U.S.C. § 1441(a).

4

1 Generally, district courts have original jurisdiction over civil
2 actions in two instances: (1) where there is complete diversity
3 between the parties and the amount in controversy exceeds
4 $75,000; or (2) where a federal question is presented in an
5 action arising under the Constitution, federal law, or treaty.
6 28 U.S.C. §§ 1331 and 1332.

7 Courts construe the removal statute strictly against
8 removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)
9 (citations omitted).  Therefore, if there is any doubt as to the
10 right of removal in the first instance, remand must be granted.
11 See id.  Furthermore, "[i]f at any time before final judgment it
12 appears that the district court lacks subject matter
13 jurisdiction, the case shall be remanded" to state court as well.
14 28 U.S.C. § 1447(c).

## ANALYSIS

**A.   Plaintiff's Motion to Remand.**

Removing Defendants removed the Plaintiff's case to this Court solely pursuant to the Court's diversity jurisdiction. There is no dispute as to the amount in controversy.  To the contrary, the parties dispute only whether complete diversity exists among the parties.  Plaintiff, a California citizen, contends Wells Fargo, Cal-Western, Golden West, World Savings and at least some of the Doe Defendants are California citizens as well.

///
///

Removing Defendants admit that Cal-Western and Golden West are California citizens, but argue those entities should be disregarded for purposes of diversity because they are either nominal parties or have been fraudulently joined. Removing Defendants further contend that Wells Fargo is not a California citizen and that World Savings no longer exists and thus does not affect the diversity analysis. Because the Court finds below that the Removing Defendants have failed to meet their burden of showing that Cal-Western is either a nominal party or fraudulently joined, the Court declines to address the parties' remaining arguments.

### 1. **Nominal parties.**

"[F]ederal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 461, 100 S. Ct. 1779 (1980)). Indeed, "[c]ircuit law teaches that courts should 'ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" <u>Silva v. v. Wells Fargo Bank, NA</u>, 2011 WL 2437514, *3 (C.D. Cal.) (quoting <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>, 304 F.3d 867, 873 (9th Cir. 2000)). Removing Defendants bear the burden of proving a defendant is a nominal party. <u>Id.</u> (internal quotations and citations omitted).

6

Removing Defendants contend here that Cal-Western is a nominal defendant because it was simply the trustee on the DOT and thus its role in the underlying proceedings was limited to that of a stakeholder. However, "Cal-Western's status as trustee is not itself sufficient to render Cal-Western a nominal party."[5] Couture v. Wells Fargo Bank., N.A., 2011 WL 3489955, *3 (S.D. Cal.). Moreover, while trustees on a DOT are often nominal parties, Plaintiff's Complaint contains substantive allegations against Cal-Western and seeks to recover money damages or restitution from all Defendants, including Cal-Western, as well. See Silva, 2011 WL 2437514, *5 ("The Court acknowledges that the trustee on a deed of trust is often a nominal party."); Complaint, ¶¶ 78-85. Accordingly, while Removing Defendants may believe Plaintiff cannot state a claim against Cal-Western, they have failed to show that Cal-Western has been joined in a merely nominal capacity. See Couture, 2011 WL 3489955, *3; Silva, 2011 WL 2437514, *5; see also Larocque v. BAC Home Loans Servicing, 2011 WL 46363, *2 (M.D. Tenn.); Payne v. Bank of America, N.A., 2010 WL 546770, *7 (W.D. Va.).

Removing Defendants also rely on Cal-Western's statutory immunities as a basis for finding the trustee a nominal party here. Opposition, 6:23-25 ("The role of a trustee under a deed of trust, like Cal-Western in this case, is so ministerial that in taking the steps necessary to foreclose the deed of trust its conduct is privileged.")

---

[5] Indeed, Removing Defendants point the Court to no authority standing for the proposition that trustees on a DOT are per se nominal parties.

7

1  (citing Cal. Civ. Code §§ 2924(d) and 47(c)); see also Notice of
2  Removal, 5:23-28.  Again, however, Removing Defendants point to
3  no authority standing for the proposition that these immunities
4  are sufficient to render the trustee a nominal party.  Moreover,
5  this Court has found only one case in which another court has
6  even broached this argument, and that court was skeptical as to
7  the argument's merit on facts such as those here, where the
8  trustee allegedly had no authority to foreclose.  See Silva, 2011
9  WL 2437514, *5 ("It is unclear whether these provisions would
10 also apply where, as here, the plaintiff alleges that the
11 foreclosing trustee was not actually the trustee authorized to
12 initiate non-judicial foreclosure proceedings.").  Removing
13 Defendants have not addressed the Silva court's concerns
14 regarding the viability of their argument on the instant facts
15 and have thus failed to show that any statutory immunities
16 applicable to a trustee apply in this case to render Cal-Western
17 a nominal party.
18      Regardless, even if California Civil Code §§ 2924(d) and 47
19 apply to Cal-Western, such statutory immunity is not absolute; a
20 finding of malice would permit Plaintiff's claims to proceed.
21 See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 341 (2008).
22 Malice requires a showing that a party acted with ill will or
23 with reckless disregard for the truth.  Id. at 336.
24      Here, Plaintiff alleges, among other things, that Cal-
25 Western caused both the NOD and the DOTS to be recorded, but that
26 both documents were defective and signed by parties who lacked
27 the authority to execute them.  Complaint, ¶¶ 78-84.
28 ///

8

Likewise, while Cal-Western was allegedly responsible for holding the eventual Trustee's Sale and for selling the Property to Wells Fargo, Plaintiff contends Cal-Western lacked the authority to do so.  Id., ¶ 85-86.  In addition, Plaintiff alleges that each Defendant was acting in concert with one another to, among other things, engage in deceptive business practices (e.g., by defrauding homeowners, acting as trustees without the requisite legal authority, and failing to comply with California Civil Code § 2923.5).  Id., ¶¶ 16-18, 159.  Evidence of these actions may, through the course of the proceedings, show malice.  Removing Defendants have nonetheless presumed the statutory immunities apply to Cal-Western in this case and have not addressed whether Plaintiff can state a claim that falls outside the scope of those immunities (i.e., whether Plaintiff can show Cal-Western acted with malice).  Accordingly, Removing Defendants have failed to meet their burden to show that Cal-Western was entitled to immunity for each of Plaintiff's claims as matter of law.  As a consequence, Removing Defendants have also failed to show that Cal-Western is a nominal party whose citizenship at the time of removal should be disregarded.

     **2.**    **Fraudulent Joinder**.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"

9

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). In this circuit, there is a "general presumption against fraudulent joinder," and defendant's burden of proof is "heavy." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009).

Alleging Plaintiff has failed to state a claim pursuant to the Federal Rules of Civil Procedure is not enough. See Watson v. Gish, 2011 WL 2160924, *3 (N.D. Cal.). Rather, "[i]n the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Sun v. Bank of American Corp., 2010 WL 454720, *3 (C.D. Cal.) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 (9th Cir. 1989)). "A court may look beyond the pleadings to determine if a defendant is fraudulently joined, but a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." Id. (internal citations and quotations omitted). "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Id. To the contrary, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (internal quotations and citations omitted).

1        Removing Defendants therefore bear the burden of showing
2   that it is both "well-settled" and "obvious" that Plaintiff
3   cannot possibly state a claim against Cal-Western.  On balance,
4   Defendants primarily assert that the claims against Cal-Western
5   are defective because Plaintiff relies in large part on the
6   assertion that Wells Fargo did not own the Note and Cal-Western
7   did not have possession of the Note upon foreclosure.
8   Opposition, 8:12-26.  However, Defendants ignore, among other
9   things, Plaintiff's allegations that all Defendants, including
10  Cal-Western, participated in a massive scheme intended to defraud
11  Plaintiff out of his Property and that Defendants, among other
12  things, failed to adhere to the requirements of California Civil
13  Code § 2923.5 in foreclosing on the Property, thus resulting in a
14  violation of California Business and Professions Code § 17200.
15  See, e.g., Suntrust Mortgage, Inc., 2011 WL 1466153, *3 (N.D.
16  Cal.) (fraudulent joinder not shown when Plaintiff alleged
17  violation of § 2923.5); Cheng v. Wells Fargo Bank, N.A., 2010 WL
18  4923045, *1 (C.D. Cal.) (no fraudulent joinder when plaintiff
19  alleged trustee violated § 2923.5).  Accordingly, this Court
20  finds Removing Defendants have failed to meet their burden of
21  showing there is no possibility Plaintiff could establish a cause
22  of action against Cal-Western, and thus, the Court finds no
23  fraudulent joinder.  Because Removing Defendants have not shown
24  joinder of this non-diverse Defendant is improper, and thus have
25  not shown that this Court has jurisdiction over this action
26  pursuant to 28 U.S.C. § 1332, Plaintiff's Motion to Remand is
27  granted.
28  ///

11

**B.     Plaintiff's Motion to Stay State Court Proceedings.**

By way of his instant Motion, Plaintiff seeks to stay the related state court unlawful detainer action pending the Court's resolution of his Motion to Remand. The Court has previously denied Plaintiff's requests to hear this Motion on shortened time. See ECF Nos. 11, 17. Given those prior orders and the Court's above decision that remand is appropriate, Plaintiff's request is denied.

**C.     Plaintiff's Motion for Attorney's Fees and Costs.**

Finally, this Court is empowered to award costs and expenses, including attorney fees, incurred due to improper removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). An objectively reasonable basis for seeking removal exists here. Moreover, while Plaintiff attempts to argue that Removing Defendants removed this action "solely for purposes of delay," no evidence of any such intent is before the Court. See Motion, 12:24-25. No award of fees is thus justified, and Plaintiff's Motion for Attorney's Fees and Costs is denied.

///
///
///
///
///

**D. Removing Defendants' Motion to Dismiss and Motion to Strike.**

Also still pending before the Court are Removing Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Complaint. In light of the Court's above decision that remand is proper, Removing Defendants' Motions are denied without prejudice.

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion to Remand is GRANTED, Plaintiff's Motion to Stay all State Court proceedings is DENIED, and Plaintiff's Motion for Attorney's Fees and Costs is DENIED (collectively ECF No. 12). Removing Defendants' Motion to Dismiss (ECF No. 20) and Motion to Strike (ECF No. 21) are likewise DENIED without prejudice. The Clerk of the Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of Sacramento, for final adjudication.

IT IS SO ORDERED.

Dated: October 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE